STATE of Minnesota, Appellant,

v.

Mitchell Logan JOHNSON,
Respondent.

No. C8–02–1860.

Court of Appeals of Minnesota.

April 22, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, David C. Brown, Assistant County Attorney, Minneapolis, MN, for appellant.

Joseph Margulies, Margulies & Richman, P.L.L.C., Minneapolis, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge, LANSING, Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

The state appeals the district court's denial of its request for a protective order under the Minnesota Government Data Practices Act, restricting distribution and use of the videotaped statement of an alleged child victim describing respondent's acts of sexual abuse. Because the district court correctly held that the Rules of Criminal Procedure govern discovery of such a videotape in a criminal case, but erred by rejecting the privacy interests of the subject child as cause for the issuance of a protective order under the rules, we affirm in part and reverse in part.

## FACTS

After respondent's then five-year-old daughter claimed he had touched her numerous times in a sexual way, she participated in a videotaped interview at CornerHouse [1] in which she described how respondent sexually touched her. Respondent was charged with first- and second-degree criminal sexual conduct.

Respondent filed a written demand for discovery. All requested materials were produced, with the exception of the CornerHouse videotape. Prior to releasing the videotape, the state asked respondent's counsel to sign a stipulation and order providing that a copy of the videotape would be given to defense counsel solely for the purpose of preparing a defense in this case, restricting reproduction of the tape, prohibiting public displays or dissemination of the tape, limiting the people who could view the tape to the defense team, restricting transcripts of the tape to the people who were allowed to view the tape, and providing that upon final disposition of the case, the tape would be returned to the court.

Respondent's counsel declined to sign the stipulation and order, arguing that under Minn. R.Crim. P. 9.03, subd. 5, a protective order can only be issued if there is

---

1. CornerHouse is an organization whose employees, under contract to law enforcement, interview alleged victims of abuse on videotape and provide the tape to the local police department, which in turn forwards it to the county attorney for the county's use in criminal prosecution.

particularized evidence that someone entitled to discovery of the videotape intends to misuse the videotape. At a pretrial conference, respondent's counsel requested unrestricted access to the videotape. The district court ordered briefing on the legal issue of whether the court should issue a protective order.

The state does not dispute that respondent is entitled to discovery of the videotape but argued to the district court that Minn.Stat. § 13.03, subd. 6 (2002) (the Minnesota Data Practices Act), grants special protection to videotapes of child victims and requires, even in the context of discovery in a criminal matter, that the court balance the need for discovery against the privacy interests of the child, applying the specific factors set out in the act. Respondent argued that discovery in criminal matters is governed by the Minnesota Rules of Criminal Procedure and not the Data Practices Act. Respondent acknowledged the strong public policy favoring protection of the privacy interests of alleged child victims of sexual abuse, but argued that cause for a protective order under Minn. R.Crim. P. 9.03, subd. 5, requires the state to show that respondent intends to misuse the tape. The district court agreed with respondent and denied the state's request for a protective order. This appeal followed.

## ISSUES

1. Is discovery of a videotaped interview of an alleged child sexual-abuse victim by the defense in a criminal case governed by the Minnesota Rules of Criminal Procedure or the Minnesota Data Practices Act?

2. May the privacy interest of an alleged child sexual-abuse victim in a videotaped statement in which the child describes the abuse constitute cause for the issuance of a protective order under Minn.

R.Crim. P. 9.03, subd. 5, without a showing of particularized facts about the subject child or a showing of the intent of those entitled to discovery of the videotape under the rules to misuse the tape?

## ANALYSIS

### I.

■ Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr. Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). At oral argument on appeal, the state conceded that the rules of criminal procedure control discovery of the videotape in this case, and agreed with respondent and the district court that the Data Practices Act does not apply to discovery in court cases. We agree.

The Data Practices Act prohibits the subject of data from obtaining a copy of a videotape in which an alleged child victim is talking about the acts of physical or sexual abuse without a court order. Minn. Stat. § 13.821(a) (2002) (referencing Minn. Stat. § 13.03, subd. 6 (2002); Minn.Stat. § 611A.90 (2002), providing for the court order). The court order may include requirements "reasonably necessary for protection of the privacy and best interests of the child" and may significantly limit the use of the videotape. Minn.Stat. § 611.-A90, subd. 2(b). But section 13.821(b) provides that section 13.821(a) does not "limit rights of access pursuant to discovery in a court proceeding." Minn.Stat. § 13.821(b) (2002). And § 611A.90, subd. 3, states that "[n]othing in this section * * * limits a right of a person to obtain access if access is otherwise authorized by law or pursuant to discovery in a court proceeding." The Data Practices Act does not require a court order for release of a videotape of an alleged child sexual-abuse victim when the request for the videotape is part of discov-

ery in a court proceeding. The district court correctly determined that discovery of, and protective orders for such a videotape in a criminal case are governed by Minn. R.Crim. P. 9.03.

## II.

 Minn. R.Crim. P. 9.03, subd. 5, provides that

[u]pon a showing of cause, the trial court may at any time order that specified disclosures be restricted or deferred, or make such other order as is appropriate.

The state argues that the district court abused its discretion by rejecting the privacy interest of the child as "cause" for issuance of a protective order. The district court determined that "cause" requires a particularized showing that respondent intends to misuse the videotape or a particularized showing about the subject child. We find no support in the rule or case law for such a restrictive interpretation of the cause requirement. *See State v. Schwartz,* 447 N.W.2d 422, 427 (Minn. 1989) (noting that laboratories concerned about disclosure of trade secrets if DNA evidence was discoverable could seek a protective order under Minn. R.Crim. P. 9.03, subd. 5); *see also State v. Cain,* 427 N.W.2d 5, 9 (Minn.App.1988) (holding that district court abused its discretion in imposing no restrictions under Minn. R.Crim. P. 9.03, subd. 3, on matter as delicate as adverse psychological examination of child sexual-abuse victims, given strong disagreement over methodology).

The Data Practices Act, though not controlling in this case, strongly expresses the public policy interest in protecting the privacy interests of alleged child victims of sexual abuse by restricting the use and disclosure of videotaped statements of alleged child victims of sexual abuse. We conclude that a concern for the privacy of such children is sufficient to constitute

cause under Minn. R.Crim. P. 9.03, subd. 5. If a district court doubts that such concern is warranted in any case, the district court should review the videotape in camera pursuant to Minn. R.Crim. P. 9.03, subd. 6, before determining whether to issue a protective order or establishing the scope of a protective order. In this case, the district court abused its discretion by concluding that the privacy interest of the alleged child victim was insufficient cause for issuing a protective order absent a showing of particularized facts about this child or facts about the intended misuse of the videotape by respondent.

## III.

Respondent moved to strike affidavits attached to the state's second motion for reconsideration, arguing that the affidavits are an attempt to supplement the record on appeal after the district court denied the state's first motion to reconsider. Because our holding in this case makes the motion to strike moot, we deny the motion.

## DECISION

The Minnesota Rules of Criminal Procedure, not the Data Practices Act, govern discovery of videotaped statements of alleged child victims of sexual abuse. Concern for the alleged child victim's privacy is sufficient cause for granting a protective order limiting the use and distribution of such a videotape under Minn. R. Crim P. 9.03, subd. 5.

**Affirmed in part, reversed in part, and remanded.**